**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**DAVID CLARENCE SCHROLL,**  :
                                          :
      **Petitioner**                    :
                                          :   **CIVIL NO. 3:CV-13-1431**
     **v.**                                :
                                          :   **(Judge Caputo)**
**SHAWN C. WETZEL,** *et al.***,**    :
                                          :
      **Respondents**               :

*M E M O R A N D U M*

**I.**    **Introduction**

On May 28, 2013, the *pro se* petitioner, David Clarence Schroll,[1] filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1, Pet.)  For the reasons set forth below, the Petition will be dismissed.[2]

**II.**    **Background**

On May 7, 2010, the Internal Revenue Service granted Mr. Schroll's application for an Employer Identification Number (EIN).  (Doc. 1, ECF p. 10.)

On November 15, 2012, Mr. Schroll claims he purchased on the behalf of "David Clarence Schroll Estate ... as EIN 98-0659861," a piece of property located

---

[1] Mr. Schroll identifies himself as "DAVID CLARENCE SCHROLL, Foreign Central Bank - EIN 98-0659861".  (Doc. 1, Pet., ECF p. 1.)

[2] The court notes that Mr. Schroll is not presently incarcerated and was not incarcerated at the time he filed his petition.

at 840 J. Kuhn Fording Rd., in East Berlin, Adams County, Pennsylvania, from Mr. and Mrs. Joseph Allen for $1.00.  (*Id*., ECF pp. 12-13.)  At some point in time Mr. Schroll learned that the property he purchased was subject to a mortgage foreclosure proceeding.  (*Id*., ECF p. 16.)  The plaintiffs in the mortgage foreclosure proceeding were the Deutsche Bank National Trust Company and Soundview Home Loan Trust, and the defendants were the Allens.  (*Id*.)

On February 26, 2013, the Adams County Sheriff served Mr. Schroll with a complaint in ejectment notifying him that he was being evicted from the J. Kuhn Fording Rd. property.  (*Id*., ECF p. 19.)  In April 2013, Mr. Schroll was added as a defendant in the mortgage foreclosure proceeding.  On April 12, 2013, judgment was entered in favor of the plaintiffs and against all defendants.  (*Id*.)  On April 19, 2013, Mr. Schroll was served with a Writ of Possession giving him until April 29, 2013, to vacate the premises or he would be arrested for criminal trespass.  (*Id*.)

On April 29, 2013, Mr. Schroll refused to leave the premises and was subsequently arrested by the Adams County Sheriff and charged with criminal trespass, defiant trespass and disorderly conduct.  (*Id*.)  Following a May 8, 2013, preliminary hearing, all charges were held for court.  On June 20, 2013, Mr. Schroll appeared before the Adams County Court of Common Pleas for arraignment.[3]  (*Id*., ECF p. 21.)  On October 7, 2013, Mr. Schroll entered a guilty plea to defiant trespass while the other charges were withdrawn.

---

[3] The court takes judicial notice of the docket sheet in *Commonwealth v. Schroll*, No. CP-01-CR-0000426-2013, available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

As relief, Mr. Schroll seeks the court to terminate the then pending criminal action against him and to restore his title to the subject property.

**III.    Discussion**

Typically, a federal court will entertain a request for habeas relief after the state-court judgment is entered, and do so under 28 U.S.C. § 2254, but the court also has authority under 28 U.S.C. § 2241(c)(3) to grant habeas relief before a judgment is entered in the state-court criminal proceedings.  *See Moore v. DeYoung*, 515 F.3d 437, 441-42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (nonprecedential) (quoting *Moore*) (summarily affirming dismissal of § 2241 petition alleging improper warrantless arrest and excessive bail because of failure to exhaust); *Chambers v. DeRose*, No. 10-2070, 2010 WL 4623897, at *2 (M.D. Pa. Nov. 5, 2010).

A section 2241 petitioner seeking to invoke our "pretrial" habeas jurisdiction must have exhausted state-court remedies and must also make "a special showing of the need" for us to adjudicate his petition at such an early juncture.  *Moore*, 515 F.2d at 443.  If he has not exhausted his remedies, we may still adjudicate his petition if there are "extraordinary circumstances."  *Id.*

While the court has jurisdiction under § 2241 to entertain Mr. Schroll's pretrial habeas corpus petition, it is clear that he is not entitled to habeas relief at the time he filed his petition.  First, to the extent that he has raised any federal constitutional claims in his petition, he has failed to exhaust them.  In order to exhaust a claim, a

-3-

petitioner must "fairly present" it to each level of the state courts.  *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).  As Mr. Schroll wad not even been formally arraigned in the Adams County Court of Common Pleas at the time he filed his petition, the trial court had not yet been given the opportunity to rule on his claims.  Clearly, the claim presented in his petition that the Commonwealth lacked jurisdiction to prosecute him because he was a "foreign central bank," his claims are unexhausted.

The court could therefore only consider his petition if there are extraordinary circumstances.  No extraordinary circumstances are present here.  Adequate state-court review remains available to Mr. Schroll  "at trial and thereafter, on appellate review."  *Moore*, 515 F.2d at 445.  No extraordinary circumstance requiring adjudication of a pretrial habeas petition is presented.

Moreover, the court notes that upon reviewing Mr. Schroll's criminal docket he eventually plead guilty and was sentenced by the Adam County Court of Common Pleas.  However, it does not appear that he has filed a direct or collateral appeal of his conviction with the state courts.  Thus, any constitutional claims raised in this petition remain unexhausted.

An appropriate Order follows.

                                       **/s/ A. Richard Caputo**
                                       **A. RICHARD CAPUTO**
                                       **United States District Judge**

**Date:  June 30, 2015**